UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Medical Supply Distribution, LLC,

    Plaintiff,

v.

Mitch Goodman, *et al.*,

    Defendants.

Case No. 2:21-cv-161

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Mitch Goodman ("Defendant") moves to dismiss Medical Supply Distribution, LLC's ("Plaintiff") claims against him. ECF No. 13. For the following reasons, Defendant's motion is **GRANTED**.

### I.    FACTS[1]

Plaintiff is an Ohio company that provides medical supplies and pharmaceuticals to clinics and hospitals. Compl. ¶ 1, ECF No. 1. Defendant is an Illinois resident in the business of designing and writing custom chemical formulations and selling equipment to customers. *Id.* ¶ 2. He has sometimes done business as "Chem & Consult, Inc." or "Chem & Consult." *Id.* Chem & Consult Inc. (also a defendant in this case) is an Illinois corporation that is also in

---

[1] The Court accepts Plaintiff's factual allegations in the Complaint as true for purposes of Defendant's motion to dismiss.

the business of designing and writing custom chemical formulations and selling equipment. *Id.* ¶ 3.

In July 2020, Plaintiff and Chem & Consult[2] entered into an agreement for Plaintiff to purchase medical gloves from Chem & Consult. *Id.* ¶ 9. The agreement provided that Plaintiff would receive the gloves within thirty days. *Id.* ¶ 11. Contemporaneous with entering the agreement, Plaintiff transferred $600,000 as payment for the gloves. *Id.* ¶ 10. By the time of the Complaint, Plaintiff had not received the gloves or a refund of its payment. *Id.* ¶¶ 24–25. Plaintiff asserts claims for breach of contract, unjust enrichment, and promissory estoppel. *Id.* ¶¶ 27–56. Plaintiff asserts these claims not only against Chem & Consult, Inc., but also against Defendant, on a theory of piercing the corporate veil. *Id.* ¶ 23.

## II. STANDARD

A claim survives a motion to dismiss under Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

---

[2] Plaintiff alleges that it entered into this agreement with both Chem & Consult, Inc. and Defendant. Compl. ¶ 9. Whether Defendant was actually a party to the contract is a legal conclusion, and, therefore, the Court need not accept it as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *In re Fifth Third Early Access Cash Advance Litig.*, 925 F.3d 265, 276 (6th Cir. 2019) ("Under Ohio law, contract interpretation . . . is a question of law.").

(citation omitted). This standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [unlawful conduct]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the [pleading] are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). While the court must "construe the [pleading] in the light most favorable to the [non-moving party]," *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002), the non-moving party must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678.

### III. ANALYSIS

Defendant asserts two arguments for why the claims against him should be dismissed: (1) Plaintiff cannot pierce the corporate veil for the breach-of-contract claims; and (2) the promissory estoppel and unjust enrichment claims are duplicative of the contract claims. The Court concludes that all four claims against Defendant should be dismissed because Plaintiff cannot pierce the corporate veil. In the interest of judicial economy, therefore, the Court will not address Defendant's second argument.

As an initial matter, the Court must determine which state's law applies. Because this is a diversity of citizenship case, the substantive law of Ohio applies, including Ohio's conflict of law rules. *See Erie R.R. v. Tompkins*, 304

U.S. 64, 78 (1938); *Day & Zimmermann, Inc. v. Challoner*, 423 U.S. 3, 5 (1975). Under Ohio Law, "[i]n the absence of a choice of law provision in a contract, the law of the state with 'the most significant relationship to the transaction and the parties' controls." *Lifestyle Imp. Centers, LLC v. E. Bay Health, LLC*, No. 2:13-CV-735, 2013 WL 5564144, *8 (S.D. Ohio Oct. 7, 2013). Here, it appears that Illinois was the place of contracting, performance, and Defendant's domicile, which suggests that Illinois may have the most significant relationship to the transaction. However, both parties seem to assume that Ohio law applies. Therefore, the Court concludes that the parties acquiesce to Ohio law. *See GBJ Corp. v. E. Ohio Paving Co.*, 139 F.3d 1080, 1085 (6th Cir. 1998) (observing that courts need not address conflict-of-law questions *sua sponte*).

Turning to whether Plaintiff can pierce the corporate veil, the Court concludes it cannot. Under Ohio law, a plaintiff may pierce the corporate veil if it shows the following:

> (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act [or a similarly unlawful act] against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong.

*Rui He v. Rom*, 751 F. App'x 664, 672 (6th Cir. 2018) (quoting *Dombroski v. WellPoint, Inc.*, 119 Ohio St. 3d 506, 2008-Ohio-4827, 895 N.E.2d 538). In its Complaint, Plaintiff offers one paragraph in support of piercing the corporate veil, which reads as follows:

> Medical Supply is entitled to pierce the corporate veil and impose personal liability on Defendant Goodman for the acts of Defendant Chem & Consult because: (a) Defendant Goodman's control over Defendant Chem & Consult was so complete that Defendant Chem & Consult has no separate mind, will, or existence of its own, (b) Defendant Goodman's control over Defendant Chem & Consult was exercised in such a manner as to commit fraud, an illegal act, or other inequitable or unjust acts against Medical Supply, and (c) injury or unjust loss resulted to Medical Supply from such control and wrongful conduct. Moreover, Defendant Goodman personally directed or participated in the breach of contract, unjust enrichment, and promissory estoppel described below.

Compl. ¶ 23, ECF No. 1.

As is evident from comparing the legal standard and the paragraph of the complaint, Plaintiff did not plead factual allegations to support piercing the corporate veil. Instead, Plaintiff provided only "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678. Such a recitation is insufficient to survive a motion to dismiss. *Id.* Adding a tag-on sentence that Defendant "personally directed or participated" in the alleged torts cannot remedy this deficiency because Plaintiff offers no factual allegations to support that assertion.

In any event, Plaintiff cannot satisfy the second prong of the test because it has not alleged that Defendant committed "fraud, an illegal act, or a similarly unlawful act." *Dombroski*, 2008-Ohio-4827, ¶ 29. The Supreme Court of Ohio has instructed courts to apply this prong "cautiously" to advance the "goal of piercing the corporate veil only in instances of extreme shareholder misconduct."

*Id.* Thus, a plaintiff must demonstrate some sort of "exceptional wrong" to pierce the corporate veil. *Id.* ¶ 30.

Here, Plaintiff has alleged straightforward breach-of-contract, unjust enrichment, and promissory estoppel claims. These are not the type of "egregious wrongs" that can satisfy the element, particularly because Plaintiff did not allege any fraudulent acts as part of the promissory estoppel or unjust enrichment claims. *See Dombroski*, 2008-Ohio-4827, ¶ 28; *Transition Healthcare Assocs., Inc. v. Tri-State Health Invs., LLC*, 306 F. App'x 273, 281 (6th Cir. 2009) ("A corporation's breach of contract, standing alone, is insufficient [to pierce the corporate veil].") (internal quotation marks and citations omitted); *C. Norris Mfg., LLC v. BRT Heavy Equip., LLC*, No. 5:14CV2797, 2017 WL 1179129, at *14 (N.D. Ohio Mar. 30, 2017) (determining that the plaintiff could not pierce the corporate veil where no fraud-related claims remained in the case). So, even if Plaintiff had provided more specificity in its discussion of piercing the corporate veil, it would be unable to satisfy the test.

Plaintiff's arguments against dismissal fail to persuade. For the first factor, Plaintiff relies on the above-quoted paragraph of the complaint and points out that all allegations are directed towards both defendants. But as discussed above, Plaintiff's recitation of the elements of piercing the corporate veil is insufficient. Further, the fact that Plaintiff directed its allegations to both defendants, without more specific factual support, cannot satisfy the test. Simply adding an "s" to the word "defendant" does not plausibly allege that the individual

defendant has "control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own."[3] *Rui He*, 751 F. App'x, 672. In support of satisfying the second factor, Plaintiff relies on *Orlich v. ALDnet Media Grp. LLC*, No. 1:05 CV 1416, 2006 WL 8446834 (N.D. Ohio Mar. 7, 2006), which took a more expansive view of the test's second prong. However, as Defendant correctly points out, *Orlich* pre-dates *Dombroski*, in which the Supreme Court of Ohio specifically rejected this broader reading of the second prong. *See Dombroski*, 2008-Ohio-4827, ¶¶ 26–30. As such, this argument is unavailing. As to the third prong, the Court agrees that Plaintiff has plausibly alleged that it was injured because it paid for medical gloves it never received. This does little to help Plaintiff, however, because it cannot satisfy the first two prongs.

Consequently, the Court finds that Plaintiff has not plausibly alleged facts that support piercing the corporate veil and, therefore, the claims against Defendant should be dismissed.

---

[3] Although not included as an argument in its response, Plaintiff's Complaint did include an allegation that Defendant sometimes does business as "Chem & Consult, Inc." Compl. ¶ 2, ECF No. 1. Even taken as true, this solo allegation is also insufficient to show that Defendant had "control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own." *See Rui He*, 751 F. App'x, 672.

## IV. CONCLUSION

For these reasons, Defendant's motion is **GRANTED**, and the claims against Defendant are **DISMISSED WITHOUT PREJUDICE**. The Clerk shall terminate Defendant Mitch Goodman as a party and shall terminate ECF No. 13.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**