UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MEDICAL SUPPLY DISTRIBUTION, LLC,**

          **Plaintiff,**

      **v.**

**MITCH GOODMAN,** *et al.*,

          **Defendants.**

      **Civil Action 2:21-cv-161**
      **Judge Michael H. Watson**
      **Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

Plaintiff, Medical Supply Distribution, LLC ("Plaintiff"), a citizen of Ohio, brings this breach of contract action against Defendant Chem & Consult, Inc. ("Chem & Consult"), a citizen of Illinois. This matter is before the Court on Plaintiff's Motion for Leave to File, *Instanter*, Amended Complaint (ECF No. 49) and Plaintiff's Motion to Modify the Preliminary Pretrial Order (ECF No. 50).  For the following reasons, both Motions are **GRANTED**.

## I.      BACKGROUND

Plaintiff commenced this action on January 15, 2021, naming as Defendants Mitch Goodman (an Illinois citizen) and Chem & Consult.  (ECF No. 1.)  On March 16, 2021, Mr. Goodman moved to dismiss the claims against him.  (ECF No. 13.)  On March 30, 2021, Chem & Consult filed a Third-Party Complaint against several Third-Party Defendants.  (ECF No. 14.) On May 21, 2021, the Court granted Mr. Goodman's Motion to Dismiss, dismissing Mr. Goodman from the case without prejudice, because Plaintiff had not alleged facts sufficient to pierce the corporate veil such that Mr. Goodman could be held individually responsible for the

acts of Chem & Consult. (ECF No. 22.) The Third-Party Defendants moved to dismiss the Third Party Complaint on July 19, 2021. (ECF No. 34.)

At the August 18, 2021 preliminary pretrial conference, the Court established a deadline for motions to amend the pleadings of "30 days after the Court's ruling on Third-Party Defendants' Motion to Dismiss (ECF No. 34)." (ECF No. 39.) The Preliminary Pretrial Order also set deadlines for disclosure of primary and rebuttal expert reports on December 22, 2021, and January 21, 2022, respectively; close of discovery on February 21, 2022, and dispositive motions on March 21, 2022. (*Id.*)

The Court granted the Third-Party Defendants' Motion to Dismiss on November 4, 2021. (ECF No. 48.) Accordingly, Chem & Consult is the only remaining Defendant in this action.

On December 6, 2021, Plaintiff timely filed the subject Motion for Leave to File, *Instanter*, Amended Complaint ("Motion to Amend Complaint"), seeking to re-assert claims against Mr. Goodman and add factual allegations that Plaintiff contends will allow it pierce Chem & Consult's corporate veil. (ECF No. 49.) Plaintiff also seeks to add a claim for fraudulent misrepresentation against Chem & Consult. (*Id.*)

Although Plaintiff initially suggested in its Motion to Amend Complaint that discovery related to its proposed new claims could be completed within the existing case schedule, Plaintiff filed a separate Motion to Modify the Preliminary Pretrial Order ("Motion to Extend Case Schedule") ten days later on December 16, 2021. (ECF No. 50.) Therein, Plaintiff seeks an extension of all pending deadlines of "sixty (60) days from the date [Plaintiff's] [Motion to Amend Complaint] is decided." (*Id.*) Plaintiff contends this extension will be necessary if its Motion to Amend Complaint is granted, because the claims Plaintiff seeks to add will require expert reports that would not otherwise be necessary. (*Id.*)

2

Chem & Consult opposes both of Plaintiff's Motions, contending that Plaintiff has been dilatory in seeking to amend the Complaint and that Chem & Consult will be prejudiced by the addition of new claims and extension of the case schedule at this juncture.  (Resp. in Opp'n, ECF No. 51.)  Chem & Consult also argues that Plaintiff's proposed amendments to the Complaint are futile.  (*Id.*)

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15(a)(2), the Court should "freely give leave" for a party to amend its pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings."  *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits").  "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'"  *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).  A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss.  *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

## III.     ANALYSIS

Plaintiff has satisfied Rule 15's lenient standard for pleading amendments.  First, Plaintiff's Motion to Amend Complaint is not dilatory, because it was made within the timeframe for pleading amendments entered by the Court and agreed to by the parties, including

Chem & Consult, in their Rule 26(f) report in advance of the August 18, 2021 preliminary pretrial conference. (ECF Nos. 36, 39.) Although allowing amendment of Plaintiff's Complaint at this juncture may require extension of the case schedule, this does not, contrary to Chem & Consult's argument, mean that Plaintiff must have had a dilatory motive in seeking to amend the Complaint. (*See* Resp. in Opp'n 3, ECF No. 51.) Further, Plaintiff's requested 60-day case schedule extension is the first extension requested by any party, and this case has not been pending so long that strict enforcement of the existing case schedule is necessary to prevent undue delay.

The undersigned is also unable to discern any prejudice that would befall Chem & Consult by allowing the amendment, so long as the case schedule is adjusted to permit any additional discovery necessitated by the amendment. The undersigned is not persuaded that allowing the amendment would prejudice Chem & Consult due to the "countless false statements about Goodman and C&C in its Motion and in the attached proposed amended complaint" that Plaintiff has "asserted in a public forum." (Resp. in Opp'n 4, ECF No. 51.) The statements in question are distinct from the requested pleading amendment, as Plaintiff could have made these same statements in any public forum, not only in connection with a request to amend the Complaint. Further, the statements could prejudice Chem & Consult only if they are proven false, which requires evaluation of the merits of the proposed new claims. As explained further below, merits evaluation is not appropriate at this juncture. Finally, the undersigned does not agree that Chem & Consult has been prejudiced by having to respond to Plaintiff's Motion to Amend Complaint. (*Id.*) If that were the case, then every party opposing a pleading amendment would be prejudiced and opposed pleading amendments would never be granted under Rule 15. The drafters of the Federal Rules of Civil Procedure clearly did not intend this absurd result.

Chem & Consult's remaining arguments pertain to the futility of Plaintiff's proposed amendments to the Complaint.  Because "denying a motion for leave to amend on grounds that the proposed [complaint] is legally insufficient is, at least indirectly, a ruling on the merits" of the claims presented in the complaint, this Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on such a motion.  *Durthaler v. Accounts Receivable Mgmt., Inc.*, 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (recognizing the "conceptual difficulty presented"); 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . .").

In light of this procedural impediment, the Court concludes that the better course would be to permit Plaintiff to amend its Complaint with the understanding that Chem & Consult and Mr. Goodman are free to challenge the claims against them through a motion to dismiss.  *See Durthaler*, 2011 WL 5008552 at *4 ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md.*, 715 F. Supp. 578, 581 (S.D.N.Y. 1989) ("The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed.").

## IV.    DISPOSITION

In sum, for the reasons set forth above, Plaintiff's Motion for Leave to File, *Instanter*, Amended Complaint (ECF No. 49) is **GRANTED**.  The Clerk is **DIRECTED** to file on the docket Plaintiff's Amended Complaint, attached to its Motion as Exhibit 1 (ECF No. 49-1).

Additionally, to permit additional time for additional discovery related to the new claims asserted in Plaintiff's Amended Complaint, the case schedule is hereby **EXTENDED** as follows:

- Primary expert reports, if any, must be produced by **March 7, 2022**;

- Rebuttal expert reports, if any, must be produced by **April 7, 2022**;

- All discovery shall be completed by **May 9, 2022**; and

- Case dispositive motions must be filed by **June 8, 2022**.


**IT IS SO ORDERED.**


/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE